UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| FELIX GUZMAN RIVADENEIRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00228-DBH |
| | ) | |
| DEPARTMENT OF HOMELAND SECURITY, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDED DECISION

In this action, Plaintiff Felix Rivadeneira, proceeding *pro se*, attempts to assert claims against the Department of Homeland Security and others "on behalf of the thousands of federal detainees and their families here in the United States and all over the world." (Pl. Compl. at 1.)

According to Plaintiff's complaint, Plaintiff currently is incarcerated in a county jail in Illinois. Plaintiff identifies ten different bases for the claim, including cruel and unusual punishment, deliberate indifference to medical needs, discrimination, and violation of international human rights standards.

Although Plaintiff has not paid the filing fee or filed an application to proceed *in forma pauperis*, because Plaintiff is incarcerated, a preliminary review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915A is appropriate. Following the review, I recommend that the Court summarily dismiss Plaintiff's complaint.

### STANDARD OF REVIEW

Because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable


claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim ….." 28 U.S.C. § 1915A(b).

A complaint fails to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of *pro se* plaintiffs "is not to say that *pro se* plaintiffs are not required to plead basic facts sufficient to state a claim").

## DISCUSSION

As a *pro se* litigant, Plaintiff cannot maintain a class action on behalf of all individuals subject to defendants' custody. *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975). Additionally, with respect to any personal claim that Plaintiff may have, Plaintiff has not identified any connection between such a claim and the District of Maine. Plaintiff thus has not established venue in this District. 28 U.S.C. § 1391(b) (venue generally); *see also United States v. Glantz*, 884 F.2d 1483, 1489 (1st Cir. 1989) (habeas venue). Although a district court may transfer a case to another district where venue is proper, 28 U.S.C. §§ 1404, 1406, Plaintiff's allegations of constitutional deprivations are entirely conclusory and thus insufficient to state a personal claim. Transfer, therefore, is not warranted.[1]

---

[1] A search of PACER revealed that Plaintiff has filed the same or a similar case in 49 districts. The number of filings also suggests that dismissal, rather than transfer, is appropriate.

**CONCLUSION**

Based on the foregoing analysis, the recommendation is that the Court summarily dismiss Plaintiff's complaint.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of June, 2015.